UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| SHIRLEY RAEL, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| vs. | |
| ALDRIDGE, HAMMAR & WEXLER, P.A., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## INTRODUCTION

1. Plaintiff SHIRLEY RAEL ("Plaintiff") brings the instant class action claims against Defendant ALDRIDGE, HAMMAR & WEXLER, P.A. ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692(e). Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a

1

substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

## PARTIES

4. Plaintiff is an adult individual residing in Albuquerque, New Mexico, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). The purported debt allegedly owed by Plaintiff is a "debt" and, in that the alleged debt that Defendant sought to collect was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant is a law firm with its principal place of business located in Albuquerque, New Mexico. The principal purpose of Defendant is the collection of debts in this state, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### A.    The Account

6. Prior to this litigation, Plaintiff allegedly took out a personal loan from Sandia Laboratory Federal Credit Union. Plaintiff used the loan to make routine household and consumer purchases for her home and family. As such, Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The account subsequently went into arrears.

8. Thereafter, Defendant attempted to collect The Account from Plaintiff and on or about May 3, 2022, sent Plaintiff a written collection correspondence in an attempt to collect on The

Account.

**B.**   **The Unlawful Collection Letter**

9.   On May 3, 2022, Defendant sent Plaintiff an initial collection letter. A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10.   In pertinent part, a particular statement contained within the last full paragraph of the Letter set forth:

> "This law firm represents Sandia Laboratory Federal Credit Union. This is to notify you that you are in default under the terms of the following accounts:
>
> Your loan (2044), is delinquent in the amount of $ 323.30 as of April 28, 2022. The payoff on the account is in the total amount of $ 3,740.70, as of April 28, 2022, with interest accruing at 11.24% per annum.
>
> **Demand is hereby made on you to pay the above delinquency to the Credit. The payment must be made at the Credit Union by no later than 30 days from the date this letter is received, as well as any other payments that come due within that time. Also due is $ 54.00 plus tax for this attorney demand letter.**
>
> (emphasis supplied)

**C.**   **The Letter Misleads Plaintiff and Similar Consumers and is Deceptive**

11.   Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

12.   In stating that a payment must be received in Defendant's office in thirty (30) days or less from receipt of the letter (either the same or lesser time than a consumer is allotted to dispute or request validation of the debt under the FDCPA), Defendant falsely and deceptively advises a

consumer that he or she must make the choice between making payment to avoid litigation, or exercising his or her §1692(g) rights to seek validation of the alleged debt. This overshadows and contradicts the 30-day dispute notice as no such requirement is mandated upon consumers per §1692(g).

13. Defendant's correspondence overshadows a consumer's right to dispute or seek validation by unlawfully demanding payment on or before the thirty (30) days after receipt provided by the FDCPA to trigger rights under §1692(g).

14. In fact, Defendant seeks to unlawfully create an incentive for a consumer to bypass the right to dispute the debt by making payment and avoiding any litigation or assessment of further attorneys' fees demanded by Defendant, which it will seek to recover against the consumer. Defendant's letter suggests to the least sophisticated consumer that disputing the debt within the thirty (30) day timeframe does not provide a consumer with the same benefit or incentive of simply making payment.

15. Such language lead Plaintiff and would lead the least sophisticated consumer to believe that the most prudent choice is to make the payment on or before the thirty (30) day period, whether or not said consumer disputed the debt or wished to receive validation. After all, to forego the payment deadline and instead dispute the debt would guarantee that Plaintiff's account would remain in collections and be subject to litigation over the alleged debt, when Plaintiff could simply make a payment and ensure that Defendant was to cease its collection efforts – which is all any consumer wishes when interfacing with a collection law firm.

16. Further, what Defendant fails to advise Plaintiff and other consumers in this correspondence is that once a payment is made and Defendant returns the account to the creditor client, Defendant does not have an obligation to respond to a consumer's dispute and/or request for

validation as Defendant is no longer collecting on the alleged debt – thus, the prohibitive bar on collecting the debt when failing to respond to a consumer's request for validation is of no consequence to Defendant as Defendant will no longer be collecting the debt. This is a fact that Defendant is unquestionably aware of when drafting and sending out these form correspondences.

17. The Letter is an example of form letters, substantially similar to likely hundreds of letters sent to consumers across the state.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

19. Plaintiff seeks to represent a class defined as:

All consumers in the United States who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

### D. Numerosity

20. The Letters are mass-mailed form letters that Defendant likely sends out to hundreds of consumers in the United States. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

21. Upon information and belief, Defendant sent or caused to be sent hundreds of similar deceptive Letters to consumers.

22. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of

ministerial determination from Defendant's records.

23. Plaintiff reasonably believes that there are hundreds of consumers who are members of the class.

E. **Common Questions of Law and Fact**

24. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

26. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

a. Did Defendant violate the FDCPA by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor (i.e., validation of debt)?

F. **Typicality**

27. Plaintiff's claims are typical of the claims of the class members since each of the claims arises from receipt of a letter substantially similar to the Letter sent to him by Defendant.

G. **Protecting the Interests of the Class Members**

28. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

29. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

30. Plaintiff has retained counsel experienced in bringing class actions and debt

collection abuse claims and who stands ready, willing and able to represent the class.

### H.   Proceeding Via Class Action is Superior and Advisable

31.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

32.   Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33.   The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36.   The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

### I.   Plaintiff and the Putative Class Have Article III Standing

37.   As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated American consumers without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm

and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

     a.     Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

     b.     Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

     c.     Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

     d.     Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame.

38.     Each and every allegation contained in paragraphs 1 through 37 of this Complaint

is repeated, realleged and incorporated herein by reference.

39. The FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(b) Disputed Debts If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

40. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

41.     By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## COUNT I

## (VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B))

42.     Each and every allegation contained in paragraphs 1 through 41 of this Complaint is repeated, realleged and incorporated herein by reference.

43.     The FDCPA, 15 U.S.C. § 1692e, provides in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, FDCPA, 15 U.S.C. § 1692e(10), provides that it is unlawful to engage in "[T]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

44.     The FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— (b) Disputed Debts

If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notifed the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

45. The Letter falsely and deceptively creates an unlawful conflict between a consumer's decision to make a payment towards the debt, to avoid threatened litigation, and exercising his or her rights to dispute or request validation of the debt. The Letter similarly does not advise a consumer that should payment be made prior to the 30-day time limit to dispute the debt, that Defendant no longer has any obligation to respond to a dispute or request for validation subsequent payment. The letter therefore violates 15 U.S.C. § 169e and 1692e(10).

46. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

47. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

    a.    That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

    b.    For statutory damages up to $1,000.00 per named class member, and $500,000.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;

    c.    For reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. §1692k;

    d.    For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

 

**LAW OFFICE OF BLAKE J. DUGGER, P.C.**

By:/ <u>Blake J. Dugger, Esq</u>.
Law Office of Blake J. Dugger, P.C.
1105 W Avenue D
Lovington, NM, 88260-3813
Email:  blake.lobjd@gmail.com
Telephone:  505-705-1247

# **EXHIBIT A**

# Aldridge, Hammar & Wexler, P.A.
Attorneys at Law

1212 Pennsylvania Street NE, Albuquerque NM 87110
Phone: 505-266-8787 ♦ Fax: 505-255-4029

www.ABQlawNM.com

May 3, 2022

Shirley Rael


Re:   Your loan(s) with Sandia Laboratory Federal Credit Union
      Account Number

Dear Ms. Rael:

This law firm represents Sandia Laboratory Federal Credit Union. This is to notify you that you are in default under the terms of the following account(s):

Your loan (2044), is delinquent in the amount of $323.30, as of April 28, 2022. The payoff on the account is in the total amount of $3,740.70, as of April 28, 2022, with interest accruing at the rate of 11.24% per annum.

Demand is hereby made on you to pay the above delinquency to the Credit Union. The payment must be made at the Credit Union by no later than thirty (30) days from the date this letter is received, as well as any other payments that come due within that time. Also due is $54.00, plus tax, for this attorney demand letter.

Please direct any payments or inquiries to the Loss Prevention Department at Sandia Laboratory Federal Credit Union, 3707 Juan Tabo NE, Albuquerque, NM 87110, telephone: (505) 293-0500.

In addition, please remember that a default on this loan may be a default on any other loan you have with the Credit Union.

**FDCPA NOTICE: This communication is an attempt to collect a debt. Any information provided to us may be used in our further efforts to collect. Unless you, within thirty (30) days after you receive this letter, dispute the validity of this debt, or any portion thereof, we will assume the debt to be valid. If you notify us in writing within thirty (30) days after you receive this letter that this debt, or any portion thereof, is disputed, we will obtain verification of the debt (or a copy of the judgment, if any) and mail that verification (or judgment) to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.**

Shirley Rael
May 3, 2022
Page 2

Please give this matter your prompt attention.

                                  Very truly yours,

                                  ALDRIDGE, HAMMAR & WEXLER, P.A.

                                By: _____
                                       Kevin D. Hammar

KDH/ys
cc:     Sandia Laboratory Federal Credit Union