UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHIRLEY RAEL, Individually and On Behalf
of All Others Similarly Situated,

           Plaintiff,

v.                                            Case No. 1:22-cv-00446-GJF-KK

ALDRIDGE, HAMMAR & WEXLER, P.A.,

           Defendant.

## **PROTECTIVE ORDER**

THIS MATTER, having come before the Court on a Stipulated Motion for Protective Order, the Court being fully advised in the premises, finds that the Stipulated Motion is well taken and should be granted.

IT IS HEREBY ORDERED THAT

1. Confidential information shall be designated by stamping "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential Material, unless otherwise stated by the producing party. In the case of deposition testimony, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated confidential. A party may designate any portion of a deposition as "CONFIDENTIAL" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

2. Information shall be designated "CONFIDENTIAL" only after counsel for the party or any pro se party making the designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise entitled to protection. Information deemed "CONFIDENTIAL" shall only apply to the following categories of information: Defendant's most recent tax returns, Defendant's recent balance sheets, and personal contact information and financial account information of individuals who are not a party to this

lawsuit but may be included in the putative class. Information and documents that are available to the public or have not previously been kept in a confidential manner shall be excluded from this Protective Order, even if the information and/or documents pertain to the category of documents described herein.

      3.      The confidential information discussed in ¶2 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):

      (a)      shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶9 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for either party, (4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial (subject to ¶6 below), (5) the Court and its employees, and (6) the Parties hereto, including their officers, directors and employees;

      (b)      shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶6 of this Protective Order.

      4.      The Parties acknowledge that this Protective Order does not entitle them to seal Confidential Material filed with the Court. In the event a party seeks to file any document containing Confidential Material, subject to protection under this Protective Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including:

      (a)      filing a redacted document with the consent of the party who designated the document as Confidential Material;

      (b)      where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or,

      (c)      when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Protective Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has

designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the Confidential Material contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

5. By agreeing to the limited disclosure permitted under this Protective Order, no party waives its claim that Confidential Material is confidential. All Parties agree that a disclosure in accordance with this Protective Order does not constitute a waiver of a party's claim or position that the information so disclosed is confidential. All Parties agree that no party will contend that the failure to mark a particular document "CONFIDENTIAL" or to designate any portion or a deposition as "CONFIDENTIAL" constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains Confidential Material, unless the party seeking to assert waiver first notifies the other party in writing of its intention to claim waiver and gives the other party five (5) business days within which to designate as confidential the document or portion or deposition transcript at issue.

6. Before disclosing any Confidential Material to any consulting or testifying expert, counsel for the disclosing party or Parties shall have the consulting or testifying expert read this Protective Order, explain the contents of this Protective Order to that person, and request that the consulting or testifying expert agree to be bound by this Protective Order and execute a declaration identical to Exhibit "1" attached hereto. However, the consulting or testifying expert shall not be compelled to agree to be bound by this Protective Order or execute the declaration attached as Exhibit 1.

7. During any deposition, Confidential Material may be disclosed to any deponent or witness. Before that disclosure is made, the disclosing party shall advise the deponent or witness (as well as counsel, if any, representing the deponent or witness) that the information about to be disclosed is subject to this Protective Order and that any further disclosure of the Confidential

Material by the deponent or witness (or by his or her counsel) shall constitute a violation of the Protective Order.

8. The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, Confidential Material may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the Confidential Material as may be required by a scheduling or other order. Any party may move the Court for an order that the Confidential Material be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection(s) may be afforded to such information at the trial or hearing.

9. In accordance with this Protective Order, counsel for the Parties include all attorneys for any of the Parties. It is the responsibility of the attorneys whose signatures appear below to ensure that their partners, employees and agents who may have access to Confidential Information shall be apprised of, and adhere to, this Protective Order.

10. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such

material in accordance with the provisions of this Protective Order. Should a dispute arise concerning non-compliance of this Protective Order, any party may seek leave to reopen the case to enforce the Protective Order's provisions.

12. Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material by the other party. Written verification of destruction shall be given immediately after such destruction.

13. This Protective Order shall be without prejudice to the right of the Parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential Material or whether its use should be restricted; or, b) to present a motion to the Court under Fed. R. Civ. P. Rule 26(c) for a separate protective order as to any particular document or information, including restriction differing from those as specified herein.

14. This Protective Order shall not be deemed to prejudice the Parties in any way from making future application to this Court for modification of this Order.

15. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without unnecessarily involving the Court in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order shall be deemed to be an admission or waiver by either party, or to be an alteration of the confidentiality or non-confidentiality or the discoverability or non-discoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

16. To the extent that any discovery is taken from any person who is not a party to this action ("Third Party"), and in the event such Third Party contends the discovery sought involves Confidential Material, then such Third Party may agree to execute and be bound by this Protective Order.

SO ORDERED on October 21, 2022.

BY THE COURT:

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**STIPULATED AND AGREED TO:**

*/s/ Gerald G. Dixon*
Gerald G. Dixon
Dixon•Scholl•Carrillo•P.A.
*Attorney for Defendant Aldridge, Hammar & Wexler, P.A.* P.O. Box 94147
Albuquerque, N.M. 87199-4147
Phone:  (505) 244-3890
Fax: (505) 244-3889
jdixon@dsc-law.com

*/s/ Blake J. Dugger*
Blake J. Dugger
Law Office of Blake J. Dugger, P.C.
*Attorney for Plaintiff*
1105 W. Avenue D
Lovington, NM 88260-3813
Email: blake.lobjd@gmail.com
Phone: (505) 705-1247

 */s/ G. Thomas Martin, III (Approved via email on October 17, 2022*
G. Thomas Martin, III
Martin & Bontrager, APC
*Attorneys for Plaintiff*
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Phone: (323) 940-1700 ext. 101
Direct: (323) 940-1697
Fax: (323) 238-8095
Email: Tom@mblawapc.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHIRLEY RAEL, Individually and On Behalf
of All Others Similarly Situated,

    Plaintiff,

v.            Case No. 1:22-cv-00446-GJF-KK

ALDRIDGE, HAMMAR & WEXLER, P.A.,

    Defendant.

## DECLARATION FOR PROTECTIVE ORDER

I,_____ declare that:

 1. My address is _____.

 2. My present employer is_____.

 3. My present occupation or job description is _____.

 4. I have read and know the contents of the Protective Order dated _____.

 5. I am one of the persons described in the Protective Order. I am executing this Declaration and agreeing to be bound by its terms in order to satisfy the conditions provided in the Protective Order prior to the disclosure to me of any Confidential Material under the Protective Order.

 6. I have read and agree to be fully bound by the terms of the aforesaid Protective Order.

 7. All documents and information which are described to me pursuant to the Protective Order shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the aforesaid Protective Order.

 8. I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Protective Order.

 9. I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I received such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

**Exhibit 1**, page 1 of 2

DATED:_____

BY:_____

**Exhibit 1**, page 2 of 2