UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHIRLEY RAEL, *individually and on
behalf of all others similarly situated*,

    Plaintiff,

v.                                                                                                                  Civ. No. 22-446 GJF/KK

ALDRIDGE, HAMMAR & WEXLER, P.A.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND SETTING ZOOM FAIRNESS HEARING**

THIS MATTER is before the Court on the parties' "Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, Conditional Certification of Settlement Class, and Approval of Class Notice" [ECF28] ("Motion"). The Court finds the Motion to be well-taken and hereby **GRANTS** it as set forth below.

WHEREAS the Parties have entered into a Settlement Agreement [ECF 28-2 at 8–30], which sets forth the terms and conditions of the Settlement and release of certain claims against Defendant, the Court, having reviewed and considered the Settlement Agreement, all of the filings, records and other submissions; and upon consideration of the Motion, hereby **ORDERS** as follows:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement [ECF 28-2 at 8–30] between Plaintiff and Defendant Aldridge Hammar & Wexler, P.A., executed February 3, 2023;

2. Having granted the Motion, the Court gives its preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the Settlement Agreement ("Fairness Hearing"). The Court preliminarily finds that the Settlement Agreement is fundamentally fair, reasonable and adequate. There is no evidence of fraud, collusion or overreaching by the parties or that the rights of absent class

members were disregarded. There is a sufficient basis for notifying the class of the proposed settlement and for setting a Fairness Hearing.

3. For purposes of settlement only, the Court hereby appoints Plaintiff as Class Representative pursuant to Federal Rule of Civil Procedure 23 and finds that, for settlement purposes only, the Class Representative has and will fairly and adequately protect the interests of the Settlement Class.

4. For purposes of settlement only, the Court appoints G. Thomas Martin, III of Martin & Bontrager, APC and Blake J. Dugger of Law Offices of Blake J. Dugger, P.C. (together, "Class Counsel") as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interest of the Settlement Class.

5. Pursuant to Rule 23(a), (b)(2) & (b)(3), the Court provisionally certifies the following Class for settlement purposes only: The Settlement Class is composed of: (1) all individual consumers who reside in the United States; (2) who allegedly owed a consumer debt; (3) who Defendant sent a written correspondence similar or identical to the May 3, 2022, letter Ms. Rael received seeking to collect on an alleged consumer debt, (4) which was not returned as undeliverable; (5) within the one year prior to when Plaintiff filed the instant action. Based upon the discovery conducted to date, the parties are of the understanding that there exist approximately three hundred twenty-eight (328) consumers who meet the criteria for the foregoing class definition.

6. For settlement purposes only, the Court finds that the Settlement Class preliminarily satisfies the requirements of Fed. R. Civ. P. 23 as follows:

    a. The number of members in the Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to the Class;

    c. The claims of the Class Representative are typical of the claims of the Class;

    d. The Class Representative and Class Counsel will fairly and adequately represent and protect the interests of the Class;

    e. Prosecuting separate actions by or against individual class members would create a risk of either (1) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (2) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

    f.   The questions of law and fact common to the members of the Class will predominate over questions affecting only individual members, and a class action is superior to other methods of adjudication the controversy at issue.

7. The Court appoints Epperly Resolutions as the Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8. The Court approves the proposed form of notice and notice plan giving notice to the Settlement Class by postcard mailing (in a format substantially similar to what is attached as Exhibit D to the Settlement Agreement) and posting a long form Notice (in a format substantially similar to what is attached as Exhibit C to the Settlement Agreement) on a Settlement Website as set forth in the Settlement Agreement and its attached Exhibits ("Notice Plan"). The Court finds that the Notice Plan fully complies with the requirements of Fed. R. Civ. P. 23 in form, method, content, and due process, constituting the best notice practicable under the circumstances, and acts as due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated, under all the circumstances, to reasonably apprise the Class members of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

9. The Settlement Administrator shall complete its mailing of the notice within 30 days of entry of this Order.

10. The Settlement Administrator is directed to (a) update the addresses of Class members through the National Change of Address database before mailing; (b) track all letters returned due to incorrect addresses; and (c) remail those letters for which a forwarding address is provided.

11. Members of the class who wish to exclude themselves from the Settlement Class may do so only by submitting a request for exclusion ("Opt-Out Statement") to the Settlement Administrator within sixty (60) days of the date of this Order (the "Opt-Out Deadline"). The Settlement Administrator shall establish a mechanism for members of the Class to opt out. All such writings must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

12. Members of the class who desire to object to the Settlement Agreement must file a written statement with the Court within sixty (60) days of the date of this Order (the "Objection Deadline"). The statement must provide the name, address, and telephone number of the Class member, and describe the nature of the objection. If class members wish to appear in person or through counsel, at their own expense, at the Fairness Hearing, the written statement must also include notice of intent to appear. Any member of the Class who fails to comply with this paragraph shall waive and forfeit any and all rights to appear and/or object separately, and shall be

bound by the terms of the Settlement Agreement and the orders and judgments of this Court. Class Counsel and counsel for Defendant shall file responses to any valid objections no later than ten (10) days prior to the Fairness Hearing.

13. Class Counsel shall file a Motion for Final Approval of the Settlement Agreement, together with any supporting declarations or other documentation, on or before twenty-eight (28) days before the Fairness Hearing. Class Counsel shall provide a copy of the motion to the Settlement Administrator at the time of filing so that such motion and supporting papers can be posted on the Website.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(e), the Fairness Hearing will be held before this Court via Zoom[1] on **May 23, 2023, at 10:00 a.m. MDT**, in order to:

finally determine whether the prerequisites for class certification and treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether a final approval order and judgment under the Settlement Agreement should be entered; to consider the application for attorney fees and expenses of Class Counsel; to consider the application for a service award to the Class Representative; and to rule on any other matters that the Court may deem appropriate. At the Fairness Hearing, the Court may enter a Final Order of Judgment and Dismissal with Prejudice in accordance with the Settlement Agreement that will adjudicate the rights of the Class members with respect to Aldridge, Hammar & Wexler.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[1] The Zoom access information is as follows:

    Link: https://nmd-uscourts.zoomgov.com/j/1605133492
    Meeting ID: 160 513 3492
    Passcode: 163166
    One tap mobile:   +16692545252,,1605133492#,,,,*163166# US (San Jose)
                     +16468287666,,1605133492#,,,,*163166# US (New York)
    Dial by your location:    +1 669 254 5252 US (San Jose);  +1 646 828 7666 US (New York)
    Join by SIP: 1605133492@sip.zoomgov.com
    Join by H.323: 161.199.138.10 (US West); 161.199.136.10 (US East).