# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Before the Honorable Gregory J. Fouratt
## United States Magistrate Judge

### Clerk's Minutes

### Civ. No. 22-446 GJF/KK

*Rael v. Aldridge, Hammar & Wexler, P.A.*

### Date of Hearing: 5/23/2023
*(held via Zoom, recorded in the Organ Courtroom)*

| | |
|---|---|
| **Attorneys for Plaintiff**: | G. Thomas Martin, Andrew Bandzar |
| **Attorneys for Defendant**: | Steven Wienczkowski, Gerald Dixon |
| **Proceedings**: | Fairness Hearing |
| *Start Time*: | 10:00 a.m. |
| *Stop Time*: | 11:07 a.m. |
| **Total Time**: | **1 hour 7 minutes** |
| **Clerk**: | GBG |

**Notes:**

- The Court made introductions.
- Counsel confirmed that (1) the class size is 336; (2) the settlement administrator was able to mail notice of the settlement to 315 class members; (3) no class members objected to (or requested exclusion from) the settlement; and (4) approximately 295 of the class members live in New Mexico.
- Mr. Martin represented that, for Fair Debt Collection Procedures Act (FDCPA) class action cases such as this, a class size of 336 could be characterized as a "medium-sized" class. He also represented that, in contrast to the instant case, litigants do not often reach settlements in FDCPA class action cases before an answer is filed.

### The Settlement

- The Court discussed various aspects of the parties' settlement with Mr. Martin. Mr. Martin represented that he first made contact with Plaintiff Shirley Rael on May 9, 2022, and that he filed this lawsuit five weeks later, on June 13, 2022. Mr. Martin confirmed that he did not contact Defendant before filing this lawsuit. He further confirmed that the parties reached a settlement before Defendant filed an answer or otherwise responded to Plaintiff's complaint.

- The Court inquired as to what transpired between Mr. Dixon's September 1, 2022, entry of appearance and the parties' notice of settlement filed ten weeks later on November 10, 2022.

- Mr. Martin described his communications with Defendant's counsel and represented that Defendant disclosed many documents (but significantly less than 500 documents) before November 10, 2022. Mr. Martin also conceded that—contrary to his inadvertent representation in Plaintiff's motion—the parties had not engaged in "months of litigation and discovery efforts." ECF 37-1 (Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement) at 12.

- Mr. Martin further represented that the $1,685.00 that Defendant will pay to the class was calculated based on Defendant's net worth and that this amount is *slightly* more than one percent of Defendant's net worth. Counsel for both sides confirmed that $1,685.00—which amounts to a recovery of approximately $5.01 per class member—was thus slightly better than the best result that the class members could ever expect to receive at trial.[1]

- The parties represented that their settlement agreement has already been executed and does not need to be amended. Although "Plaintiff [has] secured Defendant's confirmation that it has modified its debt collection letters at issue in this case," ECF 37-1 at 15, Plaintiff has not yet seen the new letters. Plaintiff, however, has been assured that "Defendant will stop using the form of debt collection letter at issue in this case." *Id.* at 8.

- The parties represented that bona fide disputes had existed between them and that the settlement resolved these disputes. For instance, Defendant expressed its belief that it had reasonable defenses—including that its debt collection letters would not have misled a reasonable consumer based on a recent Tenth Circuit opinion that appears to have jettisoned the "least sophisticated consumer" test that previously obtained in this circuit.

- Mr. Martin agreed that any residual funds (i.e., money from the class fund that is not claimed) may be disbursed to any *cy pres* recipient designated by the Court. Mr. Martin was not opposed to the Court changing the current *cy pres* recipient from the National Consumer Law Center to the New Mexico Equal Access to Justice organization.

- The Court noted that it had no issues with the separate $1,000 incentive award to the named Plaintiff in this case. *See* 15 U.S.C. § 1692k(a) (permitting such an award).

**Attorneys' Fees**

- Mr. Martin confirmed that this is his first case in the District of New Mexico and that he has not had any cases in New Mexico state court. He also expressed his view that Plaintiff's counsel was entitled to $39,500.00 in attorney's fees/costs because this amount represented

---

[1] *See, e.g.*, ECF 37-1 at 12 (observing that "15 U.S.C. § 1692k(a)(2)(B)(ii) provides that class members would be limited to the lesser of $500,000 or one percent of Defendant's net worth, and the application of this standard would result in a recovery below the $1,685.00 Settlement Fund the parties agreed to here. Also noteworthy is the fact that there was no guarantee of full statutory damages at trial because the FDCPA's damages provision is permissive rather than mandatory.")

- "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." ECF 39-1 at 12 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).[2]
- Defendant confirmed that, although it supports the settlement, it takes no position on the request for attorney's fees.
- The Court advised that it was inclined to approve the parties' $1,685 settlement (and the $1,000 incentive award) but that it would take the request for $39,5000 in attorneys' fees under advisement—particularly as the Court wished to further consider the timesheets [ECF 38-2 at 31–43, 48–52] and the applicable going rates in New Mexico.
- The Court adjourned.

---

[2] *See* ECF 39-1 at 18 (representing that "Class Counsel presently seeks an award of attorney's fees and costs in the amount of $39,500.00 that is comprised of . . . . a rate of $450.00 per hour for 84 hours [for Mr. Martin], . . . a rate of $250.00 per hour for 9.2 hours [for Mr. Dugger] . . . . [and] a rate of $150.00 per hour for 2.9 hours [for paralegal fees]").