UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHIRLEY RAEL, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.     Civ. No. 22-446 GJF/KK

ALDRIDGE, HAMMAR & WEXLER, P.A.,

    Defendant.

## ORDER AWARDING INCENTIVE AWARD AND ATTORNEYS' FEES AND COSTS

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Incentive Award, Attorneys' Fees, and Costs [ECFs 39, 39-1, and 38-1 through 38-4] ("Motion"). Plaintiff's Motion seeks "an award of $1,000.00 in statutory damages to Plaintiff and $39,500.00 in attorneys' fees and costs." ECF 39 at 1. As explained below, the Court will grant in part and deny in part Plaintiff's Motion by awarding (1) $1,000 in statutory damages and (2) $23,551.00 in attorneys' fees and costs.

**I.     BACKGROUND**

The following background information is provided in Plaintiff's Motion:

> This consumer class action arises from Plaintiff Shirley Rael's ("Plaintiff") allegations that Defendant sent Plaintiff and other similarly situated consumers dunning letters in attempt to collect upon an alleged debt which were in violation of 15 U.S.C. §1692 et seq., the Fair Debt Collection Procedures Act ("FDCPA").
>
> The proposed Settlement reached by the parties, which was granted Preliminary Approval by this Honorable Court on February 10, 2023 provides that Defendant will pay $1,685.00[1] to settle the Action as it relates to payment to the Settlement Class Members of 336 individual consumers, in return for the Released Claims in favor of Defendant and the Released Parties. Of those Class Members who do not opt out of the Settlement, the amounts paid to each Class Member shall be distributed on a pro rata basis. If no Class Member opts out, the estimated distribution paid to each consumer will be $5.01.

> The preliminarily approved Settlement further provides that . . . Class Counsel may move the Court for an award of reasonable attorneys' fees and costs not to exceed $39,500.002, and an incentive/statutory award of $1,000.00 to Plaintiff Rael.

ECF 39-1 at 7. Class Counsel have now moved for both this statutory award and "an award of attorney's fees and costs in the amount of $39,500.00 that is comprised of . . . . a rate of $450.00 per hour for 84 hours [for Mr. Martin's work], . . . a rate of $250.00 per hour for 9.2 hours [for Mr. Dugger's work,] . . . . [and] a rate of $150.00 per hour for 2.9 hours [for paralegal fees]." *Id.* at 18. Class Counsel assert that an award of $39,500 in fees and costs is appropriate, primarily because this amount reflects "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 11–25 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

## II.  DISCUSSION

As a preliminary matter, and as noted during the May 23, 2023, fairness hearing, the Court approves the $1,000 incentive award to the named Plaintiff in this case. *See* 15 U.S.C. § 1692k(a)(2) (permitting individually named plaintiffs to receive up to $1,000 in "additional damages"). Consequently, the Court will authorize this statutory award.

> The applicable standards for the recovery of attorney's fees in FDCPA cases are as follows:
>
> The FDCPA allows a plaintiff to recover, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The key word here is *reasonable*. "In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1206 (D.N.M. 2011) (citing *Hensley*, 461 U.S. 424, 433–37). "The court may then adjust that figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation." *Obenauf*, 785 F. Supp. 2d at 1206 (citing *Farrar v. Hobby*, 506 U.S. 103, 120–22 (1992) (O'Connor, J., concurring)). The Tenth Circuit primarily employs the lodestar determination in assessing reasonable attorney's fees.

*Lucero v. Debt Recovery Attys.*, No. 19cv106 JAP/LF, 2020 WL 556898, 2020 U.S. Dist. LEXIS 19893, at *3–4 (D.N.M. Feb. 3, 2020) (Parker, J.) (emphasis in original); *see id.* at *4–5, 9–10 (finding that "$292.08 per hour is reasonable for the work performed" and that "the lodestar for Plaintiff's attorneys fees [was] $36,363.96"—but nevertheless reducing this fee to $5,000 so that "the fees awarded [would] bear some rational relationship to the nature of the defendant's violation," as the lawsuit "did not resolve a significant issue and served little if any public purpose" (quotations omitted)).[1]

The Court finds that the requested hourly rates of $150 for the paralegal's work and $250 for Mr. Dugger's work are reasonable.  The Court, however, finds Mr. Martin's requested hourly rate of $450 to be above what is reasonable in this area for a case such as this.  The Court further finds that a reasonable hourly rate for Mr. Martin's work is $300.  *See, e.g.*, *Lucero*, 2020 U.S. Dist. LEXIS 19893, at *4; *Salazar*, 2022 U.S. Dist. LEXIS 69868, at *27–28.[2]

Upon thoroughly reviewing the submitted timesheets [ECF 38-2 at 31–43, 48–52], the Court will also exercise its discretion to make reductions in the number of requested hours.  This

---

[1] *See also Salazar v. Green Square Co., LLC*, No. 21cv542 KG/JFR, 2022 WL 1492577, 2022 U.S. Dist. LEXIS 69868, at *27–28 (D.N.M. Mar. 16, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 69882 (D.N.M. Apr. 14, 2022) (finding, in an FDCPA case, "[a] rate of $295 per hour reasonable in this area"—particularly for an attorney "well-versed in this area of law").

[2] *See also Sant v. Liberty Mut. Ins. Co.*, No. 21cv251-WJ/SMV, 2021 U.S. Dist. LEXIS 187129, at *3–4 (D.N.M. Sept. 28, 2021) (Johnson, J.) (discussing "several cases [that] contextualize the appropriate hourly rate in the District of New Mexico," such as cases holding that (1) "$250 and $175 hourly rates were well within the norm in the Albuquerque area, especially for attorneys with 20-plus years of experience"; and (2) an hourly rate for an attorney with "superb trial advocacy skills and [a] status as one of New Mexico's preeminent trial lawyers" could not exceed $350 (citations omitted)); *XTO Energy, Inc. v. ATD, LLC*, No. 14cv1021-JB/SCY, 2016 U.S. Dist. LEXIS 57050, at *108–112 (D.N.M. Apr. 1, 2016) (Browning, J.) (observing that "[t]he Court has approved rates of $300.00 per hour and other judges in New Mexico have found rates of $350.00 per hour reasonable, but most rates in New Mexico are lower"—and, after reviewing numerous cases, observing that "a $400 rate would be close to the top, if not the top of the rates that the court has approved or seen in New Mexico").  *See also Pierce v. Alt. Specialty Ins. Co.*, No. 16cv829-JAP/KBM, 2017 U.S. Dist. LEXIS 145641, at *8 (D.N.M. Sept. 8, 2017) (Parker, J.) (holding that an attorney who was included in the "Best Lawyers in America" publication "along with dozens of other New Mexico attorneys," had not "demonstrate[ed] that a rate of $500 per hour [was] the prevailing rate in New Mexico"—thus reducing the rate to "$275 per hour, which is a rate this market commands for similar services by lawyers of comparable skill" (citations and quotations omitted)).

3

case settled before Defendant filed an answer, involved only a very modest amount of discovery, featured no contested motion practice, and borrowed heavily from templates already created and used in earlier cases. The Court also finds that authorizing payment of *attorney's* fees for tasks that by their description appear to be purely clerical or ministerial is not consistent with the public interest or the purposes of the FDCPA. Accordingly, and after accounting for counsels' time in preparing for and attending the fairness hearing, the Court finds that (a) 70 of Mr. Martin's requested hours are reasonable, (b) 6.8 of Mr. Dugger's requested hours are reasonable; and (c) 2 hours of the paralegal's requested hours are reasonable. The Court further finds that no other lodestar adjustments are necessary. Consequently, the Court will award $23,000 in fees, which amounts to:

    (a) $21,000 for Mr. Martin's work (70 hours x $300/hour);

    (b) $1,700 for Mr. Dugger's work (6.8 hours x $250/hour); and

    (c) $300 for paralegal work (2 hours x $150/hour).

Because costs are recoverable under 15 U.S.C. § 1692k(a)(3), the Court will also award $551.00 in costs ($402 for the filing fee, $49 for service of process, and $100 for Mr. Martin's pro hac vice fee).

    In sum, the Court will award Class Counsel a total of $23,551.00.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED IN PART** as follows:

    (1) Plaintiff and Class Representative Shirley Rael is awarded an incentive payment of **$1,000.00**; and

    (2) Class Counsel is awarded the total sum of **$23,551.00** in attorneys' fees and costs.

(3) Defendant shall pay these amounts within thirty (30) days of the date on which the Final Judgment is filed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion is otherwise **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

5