UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHIRLEY RAEL, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.     Civ. No. 22-446 GJF/KK

ALDRIDGE, HAMMAR & WEXLER, P.A.,

    Defendant.

## ORDER APPROVING CLASS SETTLEMENT AND DISMISSING CASE

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [ECFs 37, 37-1 through 37-5] ("Motion"). The Court finds the Motion to be well-taken and hereby **GRANTS** it as set forth below.

Having thoroughly considered the Motion and the representations of counsel at the May 23, 2023, fairness hearing, *see* ECF 40 (clerk's minutes), the Court has determined that the Class Action Settlement Agreement [ECF 37-2 at 6–28] ("Settlement Agreement") should be approved. The Court finds the Settlement Agreement to be fair, adequate, and reasonable. In making this determination, the Court has considered the filings submitted in this matter, the statements of counsel, the status and extent of the parties' investigation, research, discovery and negotiations with respect to Plaintiff's claims and Defendant's defenses. The Court has also considered each of the elements of Fed. R. Civ. P. 23(e)(2)(A)–(D) and specifically finds that the Class Representative and Class Counsel have adequately represented the class; that all settlement negotiations were conducted in good faith and at arms' length; that there was no collusion; that the relief provided in the settlement is adequate for the Class; and that the settlement treats Class Members equitably relative to each other. In making these findings, the Court has considered,

*inter alia*, the relevant costs, risks, and delays associated with litigation; the effectiveness of the settlement proposal; the request for attorney's fees; and the provisions of the Settlement Agreement.

**IT IS THEREFORE ORDERED** that:

1. The Court's February 10, 2023, Order Granting Settlement Class Certification, Preliminary Approval of Class Action Settlement, and Setting Final Fairness Hearing [ECF 34] is hereby incorporated as though fully set forth in this instant Order Approving Class Settlement and Dismissing Case [ECF 42].

2. The Court has jurisdiction over the subject matter of this action and all parties, including all members of the Settlement Class previously certified by the Court.

3. The Court hereby approves the Settlement Agreement and finds that it is, in all respects, fair, reasonable, and adequate to the Settlement Class Members.

4. On or about March 10, 2023, the Notice of Proposed Settlement of Class Action Lawsuit ("Notice") was mailed to the last-known addresses of all putative Settlement Class members as updated through the National Change of Address database. The Notice was resent to all putative Settlement Class members for whom mail was returned as undeliverable and forwarding addresses were provided. The Court finds and concludes that said Notice fully satisfied the requirements of Fed. R. Civ. P. 23(c)(2) and the requirements of due process.

5. The Court finds that the Notice, which consisted of an individual notice mailed to the last-known address of each Settlement Class member and a long-form Notice posted on a dedicated settlement website, provided the best notice practicable under the circumstances. The Notices provided due and adequate notice of these proceedings and of the matters set forth therein, including the pendency of the action, the terms of the then-proposed settlement agreement, the procedures for submitting a claim, and the procedure for submitting objections to the Settlement Agreement, to all persons entitled to such notice. The Declaration of the Settlement Administrator confirms that the Notice was mailed in accordance with the terms of the Settlement Agreement and the Court's Preliminary Order.

6. No objections to the Settlement Agreement have been communicated to counsel or filed with the Court, and none were raised at the fairness hearing. Further, no one has opted out of the Settlement Class.

7. Consistent with the Settlement Agreement (including Sections 1.04, 1.05, 1.08, and XVI), neither the Court's instant order, the Court's corresponding Final Judgment [ECF 43], nor the fact or substance of the Settlement Agreement,

shall be considered a concession or admission by or against the Released Parties, nor shall they be used against any of the Released Parties as an admission, waiver or indication with respect to any claim, defense or assertion or denial of wrongdoing or legal liability.

8. The Court will dismiss the claims against Defendant Aldridge, Hammar & Wexler P.A. in this action with prejudice as to Plaintiff and all Settlement Class members, and without costs or attorneys' fees to any Party except as provided under the terms of the Settlement Agreement and this instant order.

9. The Court finds that Plaintiff Shirley Rael and Class Counsel adequately represented the class for purposes of entering into and implementing the settlement.

10. As discussed in its Order Awarding Incentive Award and Attorneys' Fees and Costs [ECF 41], the Court finds an award of attorneys' fees and costs in the amount of $23,551.00 is fair and reasonable, and hereby approves a fee and cost award in the amount of $23,551.00, which sum shall be paid separate and apart from the $1,685.00 Settlement Fund created under the Settlement Agreement to pay class members. This payment is in full and final payment of any claim for fees and costs against Aldridge, Hammar & Wexler, P.A. incurred by all counsel for Plaintiff in this case.

11. The Court further approves payment in the amount of $1,000.00 to the named Plaintiff Shirley Rael, to be paid separate and apart from the Settlement Fund, in recognition of her time and services on behalf of the class in this action.

12. The parties are hereby directed to proceed with the settlement payment procedures specified under the terms of the Settlement Agreement, including those contained in Section V of the Settlement Agreement.

13. All Settlement Class Members are hereby barred and permanently enjoined from maintaining, prosecuting, commencing or pursuing any claim released against any of the released parties as set forth in the Settlement Agreement and in accordance with Section XIV, and Plaintiff and all Settlement Class members shall be conclusively deemed to have released and discharged the Released Parties from any and all such claims.

14. Without affecting the finality of the Court's Final Judgment for purposes of appeal, the Court reserves jurisdiction over the parties as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and this instant order, and for any other necessary purposes.

15. The parties are hereby authorized, without further approval from the Court, to mutually agree to and adopt such amendments, modifications and expansions

of the Settlement Agreement and all exhibits thereto as (i) are consistent in all material respects with the Court's instant order, (ii) are effected consistent with the terms of the Settlement Agreement, and (iii) do not limit the rights of the Settlement Class Members.

16. In the event that the Settlement Agreement does not become effective as provided under its terms, the Court's instant order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void.

**IT IS FURTHER ORDERED** that the claims against Defendant Aldridge, Hammar & Wexler, P.A. in this case are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that the Court's Final Judgment [ECF 43] shall incorporate the conditions set forth in this Order Approving Class Settlement and Dismissing Case [ECF 42].

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

4